UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-----------------------------------------------------------

Thomas J. Schaeppi,

Plaintiff,

v.

The Thermos Company, a Delaware corporation,

Defendant.

Civil No. 00-2465 DWF/AJB

**STIPULATION AND PROTECTIVE ORDER**

-----------------------------------------------------------

For good cause shown, and upon stipulation and motion by the parties for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in a designated way;

IT IS HEREBY ORDERED:

1. This patent infringement action is likely to involve discovery of documents, things and testimony containing trade secrets and other confidential research, development and commercial information of the parties to this action (and of third parties who may be subpoenaed to provide deposition testimony, document and things), including confidential and commercially sensitive information relating to business strategies and plans, sales, costs, pricing, profitability, customers, and other business and financial data and information, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party. This Order is necessary to protect the legitimate business interests of the disclosing party in such information, and good cause exists for the entry of this Order.

FILED APR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Any party who, in this litigation, produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "protected information") may designate such protected information as "CONFIDENTIAL" if it contains trade secrets or other confidential research, development or commercial information, the present disclosure of which would, in the good faith judgment of the party making the disclosure, be detrimental to that party. A person who is not a party to this lawsuit may designate as "CONFIDENTIAL" protected information provided to any party to this lawsuit in the same manner. "Protected information" includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

3. The designation of protected information as "CONFIDENTIAL" shall be effected by visibly marking it "CONFIDENTIAL" or with words of similar import. The protected information may be so marked when it is produced, disclosed or at any time before copies ordered by the receiving party during a document examination are physically delivered to the receiving party or as otherwise provided in this Protective Order. Protected information may also be designated as "CONFIDENTIAL" in contemporaneous correspondence accompanying the protected information from the person producing or disclosing the protected information to counsel for the parties to this action, provided that the correspondence identifies the protected information by Bates number or by other clear description.

4. No protected information marked or designated as provided in this Protective Order may be used by any recipient of such information for any purpose other than this litigation. No protected information may be disclosed by the recipient of such information to anyone other than those persons to whom such disclosure is permitted under the terms of this Order, unless

and until the restrictions in this Protective Order are removed either by agreement of the parties or by order of the Court.

5. All protected information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(a) the Court (including court personnel);

(b) Counsel who have appeared of record for any party in this case, and partners, shareholders, associates, paralegal assistants, secretaries and clerical and administrative support personnel and services (such as document copying, coding or imaging personnel and services) who are regularly employed, retained or hired by such counsel or their law firms and who are actively engaged in assisting such counsel with respect to this litigation;

(c) employees of each party who may assist counsel in litigating this action;

(d) Any certified shorthand, videographic or court reporters retained to report or record a deponent's testimony taken in this litigation;

(e) Experts retained or used by counsel for any party to assist counsel with respect to this litigation, who are not employees of such counsel;

(f) Persons shown on the face of the document to have authored or received it; and

(g) Any person whom the parties agree, in advance and in writing, may receive such protected information.

This Protective Order does not prohibit a person from disclosing its own protected information. Nor does this Protective Order prohibit a person from disclosing protected information independently obtained from non-confidential sources or sources that do not designate the information as confidential so long as the information was not improperly disclosed by the source of the information.

6. No person authorized under paragraphs 4(c), (e), or (g) of this Protective Order to receive access to protected information shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy

of the agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose protected information for a period of five (5) years after the termination of this litigation. Further, each recipient of protected information shall not make any copies of or notes concerning such information for any purpose whatsoever, except solely for the purpose of this litigation.

7. Any person may designate as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any trade secret or other confidential research, development or other commercial information that it deems so competitively sensitive that it should not be learned by its competitors. Such information shall be disclosed only to persons described in paragraphs 4(a), 4(b), 4(d), 4(f), and 4(g), and to outside experts retained specifically to assist in this litigation who are not present or former employees, officers or directors of, or present or former business consultants to, a party or any business in which a party has any ownership interest. All other terms of this Protective Order apply equally to information designated as "CONFIDENTIAL" and information designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

8. Unless otherwise agreed by counsel in writing or on the record during a deposition, all information disclosed at a deposition shall be treated by all parties as "HIGHLY CONFIDENTIAL" information during the course of the deposition and for a period of twenty (20) days after receipt of the deposition transcript. Counsel for the parties or any third party witness shall designate in writing to counsel for all other parties and to the deposition reporter within twenty (20) days after his or her receipt of the deposition transcript, or cause the court reporter to designate at the time of the deposition, the specific pages and lines of the deposition transcript constituting "CONFIDENTIAL" information or "CONFIDENTIAL - ATTORNEYS'

EYES ONLY" information. A copy of such writing shall be attached by the deposition reporter and all counsel to the cover page of all deposition transcripts. Any confidentiality under the terms of this Protective Order is waived as to any portion of the deposition transcript which is not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within this 20-day period, unless otherwise agreed in writing by the parties or ordered by the Court.

9. Any protected information designated under this Protective Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" which is filed with the Court for any purpose shall be filed under seal in a sealed envelope or container marked on the outside with the title of the action, the identification of each document or other item within, and a statement substantially in the following form:

CONFIDENTIAL

The Court, its staff and counsel for the parties shall have access to any envelope or container submitted under seal in connection with this litigation. To the extent practicable, protected information shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated. No protected information shall be included in whole or in part in pleadings, motions, briefs, exhibits, memoranda or other papers filed in court, except as provided in this paragraph.

10. Any party receiving any protected information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may object to such designation by written notice to the designating party which specifies the protected information being objected to and contains a short statement of the reasons for the objection. If such objection cannot be resolved by agreement within ten (10) days after the giving of such notice, the objecting party may file a motion with the Court to determine the propriety of the designation. Such a motion shall identify

the particular protected information proposed to be disclosed and the reasons why the objecting party objects to the designation. The protected information which is the subject of such motion shall be treated in accordance with the designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status pending the Court's decision on the motion. In all motions to modify a designation, the designating party shall bear the burden of justifying the particular designation made.

11. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any protected information, and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation and the proposed recipients of protected information are informed of the terms of this Protective Order and their obligations under it.

12. Any person may file a motion with the Court for an appropriate modification of this Protective Order. Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order or the failure to object to a designation at a give time shall not preclude the filing of a motion at a later time seeking to impose such designation or challenging the propriety thereof. In connection with any such motion, the burden shall be on the producing party to prove the appropriateness of the confidentiality designation by a preponderance of the evidence.

13. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this

Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

14. This Protective Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any protected information covered by this Protective Order.

15. Nothing in this Order shall bar or otherwise prevent counsel of record from rendering advice to his or her client with respect to this litigation and, in the course thereof, from relying upon his or her examination or knowledge of protected information, provided, however, that in rendering such advice or otherwise communicating with his or her client, such attorney shall not disclose the contents of any protected information to any person who is not authorized to receive such information under the provisions of this Order.

16. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

17. Within sixty (60) days after final termination of this action, including all appeals, any person who received protected information from counsel of record for a party shall return to such counsel of record all protected information, including all copies thereof and all documents incorporating or referring to such information, and such counsel of record shall dispose of such protected information in accordance with the provisions of this paragraph. Within seventy-five

(75) days after final termination of this action, including all appeals, counsel of record shall either destroy or return to counsel for the designating party all protected information in his or her possession, including, without limitation, all protected information received from any person referenced in the preceding sentence, all copies of any protected information and all documents incorporating or referring to any protected information. Notwithstanding the foregoing, counsel of record may retain the following documents, subject to the continued restrictions and confidentiality obligations set forth in this Order, in the files of the law firm of which such counsel is a member, shareholder or employee: (i) documents filed with the Court during the course of this action; (ii) deposition and trial transcripts and exhibits; (iii) correspondence between counsel of record for the receiving party and counsel for the designating party, or between counsel of record for the receiving party and any person(s) qualified to receive protected information under the terms of this Order, and (iv) attorney work product.

18. Nothing in this Order shall prevent disclosure as required by law, provided, however, that the person being required to disclose protected information shall give at least five (5) business days prior written notice of such disclosure (along with a copy of the subpoena, demand or other document giving rise to the required disclosure) by facsimile and by overnight mail to the person which produced such protected information, unless the person being required to disclose the protected information is subject to an order requiring disclosure sooner, in which case such person shall give such notice by telephone and facsimile as soon as practicable, but in any event before any such disclosure is made. The person required to disclose the protected information shall include with any protected information being disclosed under this paragraph a written notice that the information disclosed is confidential and remains subject to this Protective Order.

19. This Protective Order is binding on the parties immediately upon execution.

Dated: April 11, 2001.

Alan M. Anderson (149500)
Sharna A. Wahlgren (241581)
LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota 55431-1194
(952) 835-3800

Attorneys for Plaintiff Thomas J. Schaeppi

Dated: April 11, 2001.

James G. Bullard (123249)
LEONARD, STREET & DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500

Jeffrey H. Dean
Kevin J. Byrne
SCHIFF, HARDIN & WAITE
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500

Attorneys for Defendant The Thermos Company

IT IS HEREBY SO ORDERED, ADJUDGED AND DECREED.

Dated: 4/16/01

Arthur J. Boylan
United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-----------------------------------------------------

| | |
|---|---|
| Thomas J. Schaeppi, Plaintiff, | Civil No. 00-2465 DWF/AJB |
| v. | **STIPULATION AND PROTECTIVE ORDER** |
| The Thermos Company, Defendant. | |

-----------------------------------------------------

I, ______________________ declare that:

1. I have received a copy of the Protective Order entered by the Court in this lawsuit.

2. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order.

4. I will hold in confidence any information which is designated under the Protective Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (the "Protected Information"). I will not disclose any Protected Information to anyone not qualified to receive it under the Protective Order, and use Protected Information only for purposes of this lawsuit.

5. I will return all Protected Information which may come into my possession, and all documents or things which I may prepare relating thereto, to counsel for the party from whom I received the Protected Information.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action if I violate the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____________________________ ________________________________________
Signature

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.