**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Thomas J. Schaeppi,

Plaintiff,

v.

The Thermos Company,

Defendant.

Civil No. 00-2465 DWF/AJB

**ORDER ON MOTION TO COMPEL DISCOVERY**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to compel discovery [Docket No. 11]. Hearing was held on April 11, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Sharna A. Wahlgren, Esq., appeared on behalf of the plaintiff. Jeffrey H. Dean, Esq., appeared on behalf of the defendant.

Based upon the file and documents contained therein, along with memorandums, exhibits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery is **granted in part, denied in part, and moot in part** [Docket No. 11].

2. Plaintiff's motion to compel answer to interrogatory No. 1 is moot, based upon plaintiff's representation that defendant's answer to the interrogatory has been sufficiently supplemented.

3. Plaintiff's motion to compel answer to interrogatory No. 2, seeking identification of persons having knowledge of allegations or defenses is denied. Defendants have



APR 19 2001

sufficiently responded by reference to persons identified in document disclosures. Defendant shall further supplement its answer as appropriate.

4. Plaintiff's motion to compel answer to interrogatory No. 3, seeking prepared opinions relating to patents is denied. Plaintiff acknowledges that interrogatory No. 3 has been supplemented but further seeks oral opinions that may not otherwise be identified in a privilege log. Defendant represents that no such oral opinions exist. Defendant shall identify in a privilege log the source and time of any future oral opinions that may be solicited whether oral or written.

5. Plaintiff's motion to compel answer to interrogatory No. 4, seeking identification of experts is moot. The answer has been supplemented.

6. Plaintiff's motion to compel answer to interrogatory No. 5, seeking facts and identification of documents supporting a claim of non-infringement, is moot. Defendant represents that prior art and document identifications are being be provided, along with a claim chart.

7. Plaintiff's motion to compel answer to interrogatory No. 6, seeking facts and identification of documents supporting a claim of patent invalidity, is moot. Defendant represents that prior art and document identifications are being be provided, along with a claim chart.

8. Plaintiff's motion to compel answer to interrogatory No. 9, seeking identification of persons involved in design, is moot. The answer has been supplemented.

9. Plaintiff's request for production of documents No. 1, seeking documents used in preparation of the answer and discovery responses is moot. Defendant has agreed to

supplement its document production in response to this request.

10. Plaintiff's request for production of documents No. 2, seeking documents that may be used as trial exhibits, is moot in part and granted in part. Defendant has agreed to supplement its document production in response to this request. Document production may not be limited on the basis of an assertion that the documents would be used solely for impeachment purposes.

11. Plaintiff's request for production of documents No. 3, seeking documents used by experts is moot. Defendant has agreed to supplement its document production in response to this request.

12. Plaintiff's request for production of documents No. 4, seeking statements obtained from witnesses is moot. Defendant has agreed to supplement its document production in response to this request.

13. Plaintiff's request for production of documents No. 5, seeking documents relating to design, development, manufacturing, testing, use, advertising, promotion or sale of beverage containers is granted as herein provided. Defendant shall produce responsive documents dating back to January 1997. The required production shall be limited to documents relating to containers manufactured for use in vehicles. Defendant is not required to produce documents relating to testing of thermal insulation technology.

14. Plaintiff's request for production of documents No. 5, seeking documents referencing oral communications regarding the design, development, manufacturing, testing, use, advertising, promotion or sale of beverage containers is granted as herein provided. Defendant shall produce responsive documents dating back to January 1997. The required production shall

be limited to documents relating to containers manufactured for use in vehicles. Defendant is not required to produce documents relating to testing of thermal insulation technology.

15. Plaintiff's request for production of documents No. 11, seeking statements relating to patent searches on the '808 patent, is moot. Defendant has agreed to supplement its document production in response to this request.

16. Plaintiff's request for production of documents No. 12, seeking statements relating to patent searches on the '341 patent, is moot. Defendant has agreed to supplement its document production in response to this request.

17. Plaintiff's request for production of documents No. 14, seeking documents relating to sales and profit on beverage containers is granted as herein provided. Defendant shall produce responsive documents dating back to January 1997. The required production shall be limited to documents relating to containers manufactured for use in vehicles. Defendant is not required to produce documents relating to testing of thermal insulation technology.

18. Plaintiff's request for production of documents No. 15, seeking financial documents relating to revenues, production costs, and marketing of beverage containers is granted as herein provided. Defendant shall produce responsive documents dating back to January 1997. The required production shall be limited to documents relating to containers manufactured for use in vehicles. Defendant is not required to produce documents relating to testing of thermal insulation technology.

19. Plaintiff's request for production of documents No. 16, seeking periodic financial documents is granted as herein provided. Defendant shall produce responsive documents dating back to January 1997. The required production shall be limited to documents

relating to containers manufactured for use in vehicles. Defendant is not required to produce documents relating to testing of thermal insulation technology.

20. Plaintiff's request for production of documents No. 17, seeking licensing agreements is granted as herein provided. The production shall not be limited to licenses based upon United States patents but the required production shall be limited to licenses involving beverage containers.

21. Plaintiff's request for production of documents No. 19, seeking engineering reports and materials is moot. Defendant has agreed to supplement its document production in response to this request.

22. Plaintiff's request for production of documents No. 20, generally seeking documents that support, refute, refer to or otherwise relate to the non-infringement claim on the '808 patent is denied. Defendant's response is adequate.

23. Plaintiff's request for production of documents No. 21, generally seeking documents that support, refute, refer to or otherwise relate to the non-infringement claim on the '341 patent is denied. Defendant's response is adequate.

24. Plaintiff's request for production of documents No. 22, generally seeking documents that support, refute, refer to or otherwise relate to the invalidity claim on the '808 patent is denied. Defendant's response is adequate.

25. Plaintiff's request for production of documents No. 23, generally seeking documents that support, refute, refer to or otherwise relate to the invalidity claim on the '341 patent is denied. Defendant's response is adequate.

26. Plaintiff's request for production of documents No. 24, seeking facts and

identification of documents relating to a laches defense is moot. Defendant agrees to provide documents relating to its defenses. Defendant is required to state facts or identify particular documents in response to this request.

27. Plaintiff's request for production of documents No. 25, seeking facts and identification of documents relating to an estoppel defense is moot. Defendant agrees to provide documents relating to its defenses. Defendant is required to state facts or identify particular documents in response to this request.

28. Plaintiff's request for production of documents No. 26, seeking prior art is moot. Defendant has agreed to supplement its document production in response to this request.

29. Plaintiff's request for production of documents No. 28, seeking documents relating to actual or prospective purchases of beverage containers is granted as herein provided. Defendant shall produce responsive documents dating back to January 1997. The required production shall be limited to documents relating to containers manufactured for use in vehicles.

30. Defendant shall prepare and produce a privilege log, therein identifying all documents which would be responsive to a particular and indicated document request, but is withheld on the basis of attorney–client privilege or work product designation.

Dated: 4/18/01

Arthur J. Boylan
United States Magistrate Judge