**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Thomas J. Schaeppi, Civil No. 00-2465 DWF/AJB

Plaintiff,

v. **SECOND ORDER DISCOVERY**

The Thermos Company,

Defendant.

This matter is now before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion to compel discovery [Docket No. 19]. Hearing was held on May 21, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Sharna A. Wahlgren, Esq., appeared on behalf of the plaintiff. Jeffrey H. Dean, Esq., and Jennifer S. Wilson, Esq., appeared on behalf of the defendant.

Based upon the file and documents contained therein, along with memorandums, exhibits, affidavits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel discovery is **granted in part, denied in part, and moot in part** [Docket No. 19].

2. Defendant's motion for amended or supplemented claim charts, therein identifying automobile beverage holders which plaintiff alleges to infringe on his patents is **denied**. Plaintiff is not required to identify and describe each specific automobile beverage holder which in combination with a cup manufactured by Thermos infringes on patents-in-suit in this case.

3. Defendant's motion for additional documents relating to other patents and

MAY 25 2001
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

patent applications submitted by plaintiff, including documents relating to other litigation involving such patent applications and licensing negotiations, is **denied**. Plaintiff has agreed to disclose the prosecution history of its patents as well as licensing agreement relating to its patents. The disclosure is sufficient, subject to further supplementation consistent with its disclosures thus far in this regard.

4. Defendant's motion to compel discovery with respect to non-party TM Marketing, based upon plaintiff's substantial ownership and control of TM Marketing, is **denied as moot** on the condition stated herein. Plaintiff generally opposes discovery from TM Marketing but asserts that he has produced all relevant and responsive documents within his possession, custody or control and states that he has advised defendant that TM Marketing has no responsive documents other than those already produced. Plaintiff shall certify to the defendant by affidavit that a search of TM Marketing records has been conducted and that he will supplement his discovery responses to the extent that TM Marketing possesses or obtains additional responsive discovery material.

5. Defendant's motion to compel production of all documents from other legal proceedings involving plaintiff's patents, including affidavits, briefs, court filings, license agreements and licence negotiation documents, is **denied**. Plaintiff has produced pleadings from proceedings relating to patents presently at issue and has produced license agreements relating to his patents. Plaintiff's disclosure is sufficient.

6. Defendant's motion to compel production of samples of plaintiff's beverage cups is **denied as moot**. Plaintiff has agreed to provide a sample of each beverage container sold by him. To the extent defendant seeks advertisements and marketing materials relating to

plaintiff's products, the issue has not been sufficiently presented to the Court.

7. Defendant's motion to compel response to Interrogatory No. 1, seeking identification of all products that have been sold by plaintiff that are within the scope of his patents, other than the patents at issue in this case, is **denied**. The Court is not persuaded that the requested information is relevant to a laches defense or is otherwise a proper or necessary subject of discovery in this action.

8. Defendant's motion to compel response to Interrogatory No. 2, seeking a description of the bases for allegations of contributory infringement and inducement, is **denied as moot**. Plaintiff has agreed and shall amend his response to Interrogatory No. 2 by providing a narrative response as a supplement to his reference to claims charts.

9. Defendant' motion to compel plaintiff to respond to additional interrogatories is **granted**. Plaintiff has declined to respond to Interrogatory Nos. 5–13, contending that a counting of discrete subparts reveals that defendant has exceeded the 25 interrogatory limit which has been established pursuant to the Pretrial Scheduling Order in this case. Upon undertaking its own counting of subparts, it is the Court's determination that Interrogatory No. 1 contains four discrete subparts, Nos. 2–9 each constitute one interrogatory, No. 10 consists of four additional discreet subparts, and Nos. 11–13 each count as one interrogatory. Defendant has served a total of 19 interrogatories and plaintiff's objection to interrogatories in excess of the limit is therefore overruled.

Dated: 5/25/01

Arthur J. Boylan
United States Magistrate Judge